UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DAVID CARTER,

                                 Plaintiff,

     -v.-                                                                           9:08-CV-947
                                                                                             (NAM/GJD)

C.O. P. KUC, et al.,

                                 Defendants.

_____

DAVID CARTER, Plaintiff *pro se*
GERALD J. ROCK, Asst. Attorney General for Defendants

GUSTAVE J. DI BIANCO, United States Magistrate Judge

## REPORT-RECOMMENDATION

     This matter has been referred to me for Report and Recommendation by the Honorable Norman A. Mordue, Chief United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c).

     In this civil rights complaint, plaintiff alleges that he was subjected to excessive force and then denied medical attention for ten days. Complaint at 5. (Dkt. No. 1). Plaintiff seeks injunctive and substantial monetary relief. Presently before the court is a motion to dismiss filed on behalf of defendants Goord and "Auburn Jail and Medical" pursuant to FED. R. CIV. P. 12(b)(6). (Dkt. No. 10). Despite requesting an extension of time to do so, plaintiff has not responded to the defendants' motion. *See* Dkt. Nos. 24, 25). For the following reasons, this court agrees with the moving defendants and will recommend dismissal as to defendants Goord and "Auburn Jail and Medical."

## DISCUSSION

1. **Motion to Dismiss**

To survive a motion to dismiss, the plaintiff must provide "the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008)(quoting *inter alia ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)). *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 570).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.  Plaintiff's factual allegations must be sufficient to give the defendant "fair notice of what the claim is and the grounds upon which it rests.""*Id.* (citing *Port Dock & Stone Corp. v. Oldcastle Ne., Inc.*, 507 F.3d 117, 121 (2d Cir. 2007)).  When ruling on a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  The court must heed its particular obligation to treat pro se pleadings with liberality. *Phillips v. Girdich*, 408 F.3d 124, 128 (2d Cir. 2005); *Tapia-Ortiz v. Doe*, 171 F.3d 150, 152 (2d Cir. 1999) *per curiam*).

2. **Facts**

Plaintiff claims that on September 3, 2005, while he was incarcerated at Auburn

Correctional Facility, he was assaulted by defendant Corrections Officers P. Kuc; J. Barney; and Sergeant Christopher. Compl. at 5 (First Cause of Action). Plaintiff alleges that these officers came into plaintiff's cell, accused him of having drugs and beat him, breaking his hand in several places. *Id.* Plaintiff then claims that he was placed in the "drug watch" room for ten days without medical attention.[1] *Id.* (Second Cause of Action).

**3.     Personal Involvement**

Personal involvement is a prerequisite to the assessment of damages in a section 1983 case, and respondeat superior is an inappropriate theory of liability. *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)(citation omitted); *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003). In *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986), the Second Circuit detailed the various ways in which a defendant can be personally involved in a constitutional deprivation, and thus be subject to individual liability.

A supervisory official is personally involved if that official directly participated in the infraction. *Id.* The defendant may have been personally involved if, after learning of a violation through a report or appeal, he or she failed to remedy the wrong. *Id.* Personal involvement may also exist if the official created a policy or custom under which unconstitutional practices occurred or allowed such a policy or custom to continue. *Id.* Finally, a supervisory official may be personally involved if

---

[1] The court notes that plaintiff has attached various medical records to his complaint, however, because this court is not reaching the merits of plaintiff's claim, the documents are not relevant to the motion to dismiss filed by defendants Goord and "Auburn Jail and Medical."

he or she were grossly negligent in managing subordinates who caused the unlawful condition or event. *Id. See Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995).

In this case, plaintiff names Glenn Goord as a defendant. Defendant Goord is the former Commissioner of the Department of Correctional Services (DOCS). A review of the entire complaint shows that although defendant Goord is named in the caption, plaintiff does ***not*** refer to defendant Goord in the body of the complaint, and there are no facts indicating that defendant Goord was personally involved in ***any*** conduct alleged by plaintiff. A review of the entire complaint shows that plaintiff has failed to allege any of the alternative ways that defendant Goord could have been "personally involved" in the claimed constitutional violation.

Defendant Goord clearly did not engage in the alleged assault, and there is no indication that defendant Goord was aware of or condoned any claimed denial of medical care. Plaintiff claims a random assault and denial of medical care. He does not allege that the defendants' took action pursuant to a policy that was created by defendant Goord or that defendant Goord was somehow grossly negligent in managing his subordinates. Thus, the complaint must be dismissed as to defendant Goord.

**4.    Eleventh Amendment**

It is now well-settled that the state itself cannot be sued under section 1983. *Komlosi v. New York State OMRDD*, 64 F.3d 810, 815 (2d Cir. 1995)(citing *Will v. Michigan Department of Police*, 491 U.S. 58, 71 (1989)). This is true whether the court is considering Eleventh Amendment immunity or a statutory interpretation of

section 1983. *Id.* at 815 n.3.  Immunity from suit under the Eleventh Amendment extends to State agencies and departments. *Burnette v. Carothers*, 193 F.3d 52, 57 (2d Cir. 1999), *cert. denied*, 531 U.S. 1052 (2000).

In this case, plaintiff names "Auburn Jail and Medical."  DOCS is an agency of the State, and a correctional facility such as Auburn is afforded Eleventh Amendment immunity because it is considered a branch of DOCS. *Rivera v. Goord*, 119 F. Supp. 2d 327, 336 (S.D.N.Y. 2000)(citing *Pennhurst State Sch. & Hosp. v. Halderman*, 469 U.S. 89, 100 (1984)).  Thus, regardless of any claims plaintiff makes against the individual defendants, the complaint must be dismissed as against "Auburn Jail and Medical."[2]

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that defendants' motion to dismiss (Dkt. No. 10) be **GRANTED**, and the complaint **DISMISSED IN ITS ENTIRETY** as against defendants **GOORD and "AUBURN JAIL AND MEDICAL."**

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have ten days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health*

---

[2] It is unclear what plaintiff means by "Medical."  He may not sue the "medical department" of Auburn, based on the Eleventh Amendment.  In addition, as stated above, he must name a defendant who was "personally involved" denying him constitutionally adequate medical care.

5

*and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: August 31, 2009

_____
Hon. Gustave J. DiBianco
U.S. Magistrate Judge