UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

**David Carter,**

                        **Plaintiff,**

              **-v-**                           **9:08-CV-947**
                                                    **(NAM/GJD)**

**P. Kuc, J. Baney, Sgt. Christopher, Glenn Goord,
and Auburn Jail and Medical,**

                        **Defendants.**

◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

APPEARANCES:

David Carter
94-A-7328
Great Meadow Correctional Facility
Comstock, New York 12821
Plaintiff *pro se*

Attorney General of the State of New York
Krista A. Rock, Esq., Assistant Attorney General
The Capitol
Albany, New York 12224
Attorney for Defendants

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

      Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), brought this action under 42 U.S.C. § 1983. In his complaint, (Dkt. No. 1), he alleges that defendants P. Kuc and J. Baney, both Corrections Officers, and Sgt. Christopher beat him and that he was then denied medical care, all in violation of his Eighth Amendment rights.

      Defendants Glenn Goord and Auburn Jail and Medical moved (Dkt. No. 10) to dismiss the action. Upon referral pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.3(c), United States Magistrate Judge Gustave J. DiBianco issued a Report and Recommendation (Dkt. No. 36) in

which he recommends that the motion be granted and the complaint dismissed against the moving defendants.

Plaintiff has submitted an objection (Dkt. No. 38) and a supplemental objection (Dkt. No. 39).  In view of plaintiff's objections, pursuant to 28 U.S.C. § 636(b)(1)(C), this Court conducts a *de novo* review of the issues.

The Court first notes that, to withstand a Rule 12(b)(6) motion, a complaint must allege "enough facts to state a claim for relief that is plausible on its face." *Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombley*, 127 S. Ct. 1955, 1974 (2007) (internal quotations marks omitted)). Stated otherwise, a complaint's factual allegations must be "sufficient to raise a right to relief above the speculative level." *Reddington v. Staten Is. Univ. Hosp.*, 511 F.3d 126, 131 (2d Cir. 2007) (citations and internal quotation marks omitted).

Magistrate Judge DiBianco's recommendation of dismissal as to Glenn Goord, formerly Commissioner of the Department of Correctional Services, is based on the absence of any allegation in the complaint that Goord was personally involved in the actions of which plaintiff complains.  As Magistrate Judge DiBianco observes, however, even where a supervisory defendant did not participate directly in the alleged constitutional violation, personal involvement may be shown by evidence that the defendant: failed to remedy the wrong after being informed of the violation through a report or appeal; created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom; was grossly negligent in supervising subordinates who committed the wrongful acts; or exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.  *See Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995).  In his  supplemental

objection (Dkt. No. 39), plaintiff alleges:

> Plaintiff states that The Commissioner Mr. Goord, the defendant, shall not be granted summary judgment because This Defendant in his official Capacity, he knows about all these officers in Auburn Assaulting Inmates, and many grievances have been brought to his attention and he has done nothing to stop the abused, instead, he backs the Abusive Officers. Moreover, Plaintiff had written this Commissioner defendant numerous times complaining and filing appeal reports about the abusive conduct done to plaintiff by Officers that assaulted me that work for him.

These allegations, if they had been incorporated into the complaint, would be sufficient to withstand a dismissal motion as to defendant Goord. In view of plaintiff's *pro se* status, the Court gives him an opportunity to amend the complaint to add these allegations.

As to the claims against "Auburn Jail and Medical," Magistrate Judge DiBianco correctly recommends dismissal on the ground of New York State's sovereign immunity. *See, e.g., Rivera v. Goord*, 119 Fed.Supp.2d 327, 336 (S.D.N.Y. 2000). Plaintiff cannot proceed against the entities "Auburn Jail" or "Auburn Medical"; he can proceed only against individuals. In his objection to the Report and Recommendation, plaintiff states:

> Plaintiff also objects to the granting of summary judgment against the defendants Auburn Medical Staff as a whole. The reason Plaintiff ask that the claim against them don't be dismissed is because Plaintiff brought to their attention when Plaintiff was suffering from a Hand Fracture and told them about the shoulder pain and discomfort and about the Shoulder Rotary Cuff that was ripped by the Officers that assaulted Plaintiff. For 8 months they took X-Rays and everything on my shoulder and told me that there was nothing wrong. Plaintiff was then taken to Wende Correctional Facility for a Magnetic Resonance Imaging (MRI) and that's when the rotary cuff was discovery. For 8 months Plaintiff to the Auburn Medical Staff and they did nothing. Plaintiff also told them about the Hand Fracture and the shoulder pain and the Auburn Medical Staff did not render medical treatment at all. The Medical Staff, this defendant, while Plaintiff was placed on a Drug Watch, they deliberately denied Plaintiff medical care by orders given to them by the Security Staff. Upon released from the drug watch room plaintiff kept complaining about his medical needs and the Auburn Medical staff refused to give him Medical Care, no medication for

-3-

> the pain was given whatsoever. Subsequently, after weeks in the "Box", and many complaints, and many grievances written, that is when the Auburn Medical Staff defendants took notice of Plaintiff Pain and send Plaintiff to X-Ray. Upon transfer to Upstate Correctional Facility, the medical staff there seen me and noticed that the Auburn Staff had made a medical negligence by putting a splint( a half a cast) in Plaintiffs hand. The Upstate Staff decided to put a whole cast in Plaintiff hand and Arm.

It appears from this submission that plaintiff may have intended to state claims against individuals on the prison and/or medical staff instead of, or in addition to, the entities as a whole.  Thus, the Court gives plaintiff an opportunity to amend the complaint to add these allegations and to set forth claims against any individuals who allegedly denied him medical care.  Plaintiff should, to the best of his ability, include the name of each individual and state the specific conduct of which he complains.  As for those individuals whose names he does not know, for pleading purposes plaintiff can sue them as "John Doe" and/or "Jane Doe."  If there are more than one, he may designate them as "John Doe #1, John Doe #2," etc.  As against each Doe defendant, plaintiff should, to the best of his ability, specify the conduct of which he complains.  Plaintiff may later move to substitute named individuals in the place of the Doe defendants as he obtains information during the disclosure and discovery process.

Therefore, based on the new allegations set forth in plaintiff's objections, the Court accepts the Report and Recommendation in part and rejects it in part.  The Court holds that the causes of action in the complaint against Goord and Auburn Jail and Medical will be dismissed for the reasons set forth in the Report and Recommendation unless within 30 days of the date of this Memorandum-Decision and Order, plaintiff serves and files an amended complaint in accordance with this decision.

It is therefore

ORDERED that the Report and Recommendation (Dkt. No. 36) is accepted in part and rejected in part; and it is further

ORDERED that the dismissal motion by defendants Goord and Auburn Jail and Medical (Dkt. No. 10) is granted **and all causes of action against these defendants will be dismissed unless within 30 days of the date of this Memorandum-Decision and Order, plaintiff serves and files an amended complaint in accordance with this decision**.

IT IS SO ORDERED.

September 16, 2009
Syracuse, New York

Norman A. Mordue
Chief United States District Court Judge